Allison M. Rattet
CA Bar No: 320245
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 318-0264
Facsimile: (954) 807-7797
E-mail: arattet@forthepeople.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HEISE, | Case No. |
| Plaintiff, | |
| v. | |
| VISION SERVICE PLAN, | |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TODD HEISE ("Plaintiff"), by and through the undersigned attorneys, hereby sues the Defendant, VISION SERVICE PLAN ("VSP"), and alleges as follows:

**INTRODUCTION**

This is an action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), RCW 49.60 et al. (Washington Law Against Discrimination), and the California Fair Employment and Housing Act ("FEHA"). Plaintiff, 61 at the time, was loyally employed for almost ten (10) years until he was unlawfully selected for a reduction in force due solely to his age.

This is a textbook case of illegal discrimination, for which Plaintiff now seeks to hold VSP accountable. Discovery in this case will reveal VSP selected Plaintiff [and others] for a reduction

in force by manipulating selection criteria to mask age-based discrimination.

Through this action, Plaintiff seeks redress, including compensatory damages for pain, suffering, mental anguish, loss of enjoyment of life, compensation for lost wages, liquidated damages, punitive damages, benefits and other remuneration, attorneys' fees and costs, punitive damages, and for such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1. Venue is proper in this district because a substantial part of the events giving rise to this claim arose in this Judicial District.

2. At all relevant times, VSP was a covered employer pursuant to the ADEA, FCRA and FEHA.

3. VSP is an employer as defined by the ADEA, FCRA, and FEHA and employs greater than twenty (20) employees.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC"), the Florida Commission on Human Relations ("FCHR"), and the California Civil Rights Department ("CCRD") on December 22, 2022.  [Ex. A].

6. The EEOC issues a notice of suit rights on October 12, 2023. [Ex. B].

## PARTIES

7. Plaintiff is a resident of Thurston County, Washington.

8. VSP is headquartered at 3333 Quality Drive, Rancho Cordova, CA 95670.

9. Plaintiff was employed by VSP as a Regional Vice President at the time of his termination.

## GENERAL ALLEGATIONS

10. At all times material, VSP acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

11. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of VSP.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

**FACTUAL ALLEGATIONS**

13. Plaintiff was hired by VSP in or around September 2012 and was employed until his unlawful termination effective July 1, 2022. For 10 years, Plaintiff performed his job faithfully and met or exceeded his employer's expectations.

14. At all relevant times, Plaintiff worked remotely for VSP [in Washington] reporting directly to VSP's California headquarters.

15. At all relevant times, the reduction in force plan was developed and administered out of VSP's California headquarters.

16. Plaintiff was 61 years old at the time of his termination.

17. Plaintiff was one of four Regional Vice Presidents ("RVP") on the west coast of the U.S.

18. Plaintiff's counterparts were Ms. Diane Samuel (61 years old), Mr. Thomas Brophy (approximately 41 years old), and Ms. Melissa Gomez (approximately 47 years old).

19. As part of the reduction in force, the company decided it only needed two, and not four RVP's on the west coast. Plaintiff, along with Ms. Samuel (the two oldest), were selected for the reduction in force.

20. On or around July 1, 2022, Plaintiff was informed he was selected for the reduction in force.

21. At the time Plaintiff was selected for the reduction in force, the company [allegedly] used two criteria – performance and territorial needs. As far as performance was concerned, the company used a scoring model based on performance rankings for the three proceeding years. The score developed for Plaintiff was inaccurate as it did not reflect his actual ratings.

22. As for territorial needs, the company [in part] based its decision on which part of the region had a lab presence. The stronger the presence, the lesser need for an RVP in that region. Mr. Brophy's region had a strong VSP presence, however, he was still selected to stay. The opposite

logic was used in the east where an RVP [significantly older] was terminated in a region with a strong VSP presence. While initially compelling, the justification quickly unravels. The Western Division experienced the same consolidation. However, in the region where VSP still had labs, it kept the younger RVPs (Mr. Brophy and Ms. Gomez) over the older RVPs (Ms. Samuel and Plaintiff), who presided over a region with little to no VSP lab exposure.

23. The criteria described above was only used when it favored the selection and retention of a younger RVP.

24. Significantly younger individuals [Mr. Brophy and Ms. Gomez] were selected to retain their positions and oversee the [now condensed] eastern divisions.

25. The evidence will prove VSP's purported "legitimate non-discriminatory" reasons for terminating Plaintiff's employment are pretext for unlawful age discrimination.

26. VSP discriminatorily targeted Plaintiff for termination because of his age.

27. VSP sanctioned the disparate treatment based upon Plaintiff's age.

## COUNT I

## VIOLATION OF THE WASHINGTON LAW AGAINST DISCRMINATION

## RCW Chapter 49.60 Et al.

### (Age Discrimination)

28. Plaintiff re-alleges and re-adopts paragraphs 13 through 27 of his Complaint as if fully set forth herein.

29. Plaintiff is a member of a protected class under RCW Chapter 49.60 et al. based upon his age, 61 (at the time of his unlawful termination).

30. By the conduct described above, VSP engaged in unlawful employment practices and discriminated against Plaintiff on account of his age, 61, in violation of RCW Chapter 49.60 et al.

31. VSP's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights.

32. VSP knew, or should have known, of the unlawful discrimination.

33. Plaintiff suffered emotional pain and mental anguish as a direct result of VSP's unlawful discrimination and retaliation.

34. Plaintiff has suffered pecuniary losses as a direct result of VSP's unlawful discrimination.

35. Plaintiff has been damaged and continues to be damaged by VSP's illegal conduct and discriminatory actions.

WHEREFORE, Plaintiff prays for the following damages against VSP:

    a. back pay and benefits;

    b. interest on back pay and benefits;

    c. front pay and benefits;

    d. compensatory damages for emotion pain and suffering;

    e. for costs and attorneys' fees;

    f. injunctive relief;

    g. punitive damages; and

    h. for any other relief this Court deems just and equitable.

## COUNT II

## VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### (Age Discrimination)

36. Plaintiff re-alleges and re-adopts paragraphs 13 through 27 of his Complaint as if fully set forth herein.

37. Plaintiff is a member of a protected class under the California Fair Employment and Housing Act ("FEHA") based upon his age, 61 (at the time of his unlawful termination).

38. By the conduct described above, VSP engaged in unlawful employment practices and discriminated against Plaintiff on account of his age, 61, in violation of the FEHA.

39. VSP's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights.

40. VSP knew, or should have known, of the unlawful discrimination.

41. Plaintiff suffered emotional pain and mental anguish as a direct result of VSP's unlawful discrimination.

42. Plaintiff has suffered pecuniary losses as a direct result of VSP's unlawful discrimination.

43. Plaintiff has been damaged and continues to be damaged by VSP's illegal conduct and discriminatory actions.

WHEREFORE, Plaintiff prays for the following damages against VSP:

    a. back pay and benefits;

    b. interest on back pay and benefits;

    c. front pay and benefits;

    d. compensatory damages for emotion pain and suffering;

    e. for costs and attorneys' fees;

    f. injunctive relief;

    g. punitive damages; and

    h. for any other relief this Court deems just and equitable.

## COUNT III

## VIOLATION OF THE AGE DISCRMIANTION IN EMPLOYMENT ACT

### (Age Discrimination)

44. Plaintiff re-alleges and re-adopts paragraphs 13 through 27 of his Complaint as if fully set forth herein.

45. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act ("ADEA") based upon his age, 61 (at the time of his unlawful termination).

46. By the conduct described above, VSP engaged in unlawful employment practices and discriminated against Plaintiff on account of his age, 61, in violation of ADEA.

47. VSP's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights.

48. VSP knew, or should have known, of the unlawful discrimination.

49. Plaintiff has suffered pecuniary losses as a direct result of VSP's unlawful discrimination.

50. Plaintiff has been damaged and continues to be damaged by VSP's illegal conduct and discriminatory actions.

WHEREFORE, Plaintiff prays for the following damages against VSP:

a. back pay and benefits;

b. interest on back pay and benefits;

c. front pay and benefits;

d. liquidated damages;

e. for costs and attorneys' fees;

f. injunctive relief;

g. punitive damages; and

h. for any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all issues so triable.

Dated this 16th day of October 2023.

*/s/ Allison M. Rattet, Esq.*
ALLISON M. RATTET, ESQ.